Eric **ELDRED**, et al., Plaintiffs,

v.

Janet **RENO**, in her official capacity as Attorney General of the United States, Defendant.

No. CA 99–0065 (JLG).

United States District Court, District of Columbia.

Oct. 28, 1999.

Vincent M. Garvey, Joseph W. LoBue, U.S. Department of Justice, Washington, DC, for defendant.

Geoffrey S. Stewart, Hale and Door LLP, Washington, DC, for plaintiff.

Guy Miller Struve, Davis Polk & Wardwell, New York City, Charles R. Nesson, Lawrence Lessig, Jonathan L Zittrain, Cambridge, Massachusetts, Arthur R. Miller, Areeda Hall, Cambridge, MA.

## *MEMORANDUM*

JUNE L. GREEN, District Judge.

Before the Court are the parties' cross-motions for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c), and the responses and replies thereto.[1] Pursuant to 28 U.S.C. § 2201 the Plaintiffs seek a declaratory judgment that Section

---

1. *Amici Curiae* filed briefs in support of the Defendant.

102(d)(1)(B) of the Sonny Bono Copyright Term Extension Act of 1998, Pub.L. No. 105–298, 112 Stat. 2827 ("CTEA"), amending 17 U.S.C. § 304(b), is unconstitutional.[2]

For the reasons that follow, the Court concludes that the CTEA is not unconstitutional. Accordingly, the Court denies the declaratory judgment requested. As explained more fully below, the Defendant's motion for Judgment on the Pleadings is granted.

## I. BACKGROUND

■ The Plaintiffs are Eric Eldred, Eldritch Press, Higginson Book Company, Jill A. Crandall, Tri–Horn International, Luck's Music Library, Inc., Edwin F. Kalmus Co., American Film Heritage Association, Moviecraft, Inc., Dover Publications, Inc., and Copyright's Commons. They allege that they each use, copy, reprint, perform, enhance, restore or sell works of art, film, or literature in the public domain. (Second Am.Compl. at 4.) They further allege that they prepared to use in some way works created before 1923 and but for the CTEA they could have legally copied, distributed, or performed these works that would otherwise have entered the public domain. (Second Am.Compl. at 4.)[3]

The Constitution provides that Congress has the power "[t]o promote the [p]rogress of [s]cience and useful [a]rts, by securing for limited [t]imes to [a]uthors and [i]nventors the exclusive [r]ight to their respective [w]ritings and [d]iscoveries." U.S. Const. art. I, § 8, cl. 8. In 1790, pursuant to this power, Congress enacted a federal copyright statute providing for exclusive rights for limited times.[4] Since then, Congress revised and extended these exclusive rights for limited times.[5]

The latest revision and extension, the CTEA, became law on October 27, 1998. Sonny Bono Copyright Term Extension Act of 1998, Pub.L. No. 105–298, 112 Stat. 2827. The CTEA provides for exclusive rights for the life of the author plus 70 years (or for certain works, if the life of the author cannot be ascertained, for 95 years after publication or 120 years after the creation of the work, whichever is shorter). These rights apply to works created on or after January 1, 1978, and works created before then with existing rights subsisting in a renewal term provided by the Copyright Act of 1976.

Plaintiffs allege that the CTEA violates the first amendment. Pls.' Mem. at 35–58, 69–87. They also allege that the retrospective extension of copyright protection is beyond Congress's enumerated power under the copyright clause and violates the public interest doctrine. Pls.' Mem. at 23–35, 58–69.

2. They also seek, upon the courts finding that the CTEA is unconstitutional, a preliminary and permanent injunctive relief against the criminal enforcement of Section 2(b) of the No Electronic Theft Act of 1997, with respect to works that would not have a valid copyright but for the enactment of Section 102(d)(1)(B) of the CTEA. See Pub.L. No. 105–147, 111 Stat. 2678 ("NET Act"), amending 17 U.S.C. § 506(a). As the court denies the declaratory judgment, it also denies the injunctive relief requested.

3. The Defendant does not deny these allegations or raise standing in any filing. (Ans. Second Am.Compl. at 2.) Unless the Plaintiffs' allegation that they prepared to use these works in some way is untrue, the Plaintiffs have constitutional standing as the enactment of the CTEA allegedly caused an injury in fact to their ability to use these works that is redressable by declaratory judgment. See,

e.g., Federal Election Commission v. Akins, 524 U.S. 11, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998).

4. The original statute provided a copyright for fourteen years and an additional fourteen years if the author was a living U.S. citizen. Act of May 31, 1790, §§ 1 and 3, 1 Stat. 124–125.

5. See Act of Feb. 3, 1831, ch. 16, § 2, 4 Stat. 436; Act of March 4, 1909, ch. 320, § 23, 35 Stat. 1075, 1080; Act of Oct. 19, 1976, §§ 302, 303, Pub.L. No. 94–553, 90 Stat. 2598; see also Pub.L. No. 87–668 (1962); Pub.L. No. 89–142 (1965); Pub.L. No. 90–141 (1967); Pub.L. No. 90–416 (1968); Pub.L. No. 91–147 (1969); Pub.L. No. 91–555 (1970); Pub.L. No. 92–170 (1971); Pub.L. No. 92–566 (1972); Pub.L. No. 93–573 (1974).

## II. *Analysis*

### A. *First Amendment Rights*

■ The Plaintiffs' first claim, that the CTEA violates the First Amendment, is not supported by relevant case law. Pls.' Mem. at 35–58, 69–87. The District of Columbia Circuit has ruled definitively that there are no First Amendment rights to use the copyrighted works of others. *United Video v. F.C.C.,* 890 F.2d 1173, 1191 (D.C.Cir.1989); *see Harper & Row, Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 556, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985). Therefore, the Court rejects Plaintiffs' First Amendment claim.

### B. *Retrospective Extension*

#### 1. *Enumerated Power*

The Plaintiffs next allege that the retrospective extension of copyright protection is beyond Congress's enumerated power under the copyright clause. Pls.' Mem. at 23–35. They allege that the retrospective extension violates the "[l]imited [t]imes" and the "to [a]uthors" terms of the copyright clause. Pls.' Mem. at 23–28.

■ First, they allege that by changing, on several occasions, the limited times for some copyright grants, the Defendant violated the "[l]imited [t]imes" clause. Pls.' Mem. at 28–33. The Supreme Court has held that Congress defines the scope of the grant of copyrights to authors or to inventors under its copyright clause power.[6] *Sony Corporation of America v. Universal City Studios, Inc.,* 464 U.S. 417, 429, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984). The "[l]imited [t]imes" period is "subject to the discretion of Congress." *Pennock & Sellers v. Dialogue,* 27 U.S. (2 Pet.) 1, 16–17, 7 L.Ed. 327 (1829). Moreover, Congress has authority to enact retrospective

laws under the copyright clause.[7] *McClurg v. Kingsland,* 42 U.S. (1 How.) 202, 206, 11 L.Ed. 102 (1843). In light of these decisions, the Court concludes that the CTEA's extension of limited times is within the discretion of Congress.

■ Second, the Plaintiffs allege that the retrospective extension violates the "to [a]uthors" term of the copyright clause.[8] Pls.' Mem. At 33–35. Under the CTEA, if, prior to its enactment, the author agreed in advance to assign rights under the CTEA's extended term, then such an agreement is given effect because there is no contrary presumption that the grant of extended term not be so assigned. 17 U.S.C. §§ 203, 304(c) and 304(d) Although the Plaintiffs allege that the absence of such a presumption violates the "to [a]uthors" term, it does not. The author may agree to transfer his or her exclusive rights to a third party only for a limited period or, alternatively, subject to any applicable statutory termination right, the author may agree in advance (before a renewal period or term extension commences) to transfer or assign future copyrights conferred upon that author by Congress. *Fred Fisher Music Co. v. M. Witmark & Sons,* 318 U.S. 643, 63 S.Ct. 773, 87 L.Ed. 1055 (1943).

#### 2. *Public Trust Doctrine*

■ Lastly, Plaintiffs allege that the retroactive extension of copyright protection violates the public trust doctrine. Pls.' Mem. at 58–69. Under the doctrine, the states hold title to navigable and tidal waters within their boundaries in trust for their people. *See, e.g., Phillips Petroleum Co. v. Mississippi,* 484 U.S. 469, 473–81, 108 S.Ct. 791, 98 L.Ed.2d 877 (1988); *Dis-*

---

6. The introductory language of the copyright clause does not limit this power. *Schnapper v. Foley,* 667 F.2d 102, 112 (D.C.Cir.1981).

7. Within the discretion of Congress, any fixed term is a limited time because it is not perpetual. If a limited time is extended for a limited time then it remains a limited time.

8. Congress has the power "[t]o promote the [p]rogress of [s]cience and useful [a]rts, by securing for limited [t]imes to [a]uthors and [i]nventors the exclusive [r]ight to their respective [w]ritings and [d]iscoveries." U.S. Const. art. I, § 8, cl. 8.

*trict of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1082–83 (D.C.Cir.1984). Insofar as the public trust doctrine applies to navigable waters and not copyrights, the retroactive extension of copyright protection does not violate the public trust doctrine.

## III. *CONCLUSION*

For the reasons set forth above, the Defendant's motion for Judgment on the Pleadings, pursuant to Fed.R.Civ.P. 12(c) is granted. An appropriate Order accompanies this Memorandum.

### *ORDER*

Upon consideration of the parties cross-motions for Judgment on the Pleadings under Fed.R.Civ.P. 12(c), the responses and replies thereto, and for the reasons stated in the accompanying memorandum of law, it is by the Court this 27th day of October 1999,

**ORDERED** that the Plaintiffs' motion for Judgment on the Pleadings is **DE-NIED;** it is further

**ORDERED** that the Defendant's motion for Judgment on the Pleadings is **GRANT-ED.**